## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**AARON BLAKE WRIGHT,**

      **Plaintiff,**

      **v.**                         **CASE NO. 25-3261-JWL**

**JAY ARBRUSTER, AKA**
**JAY ARMBRISTER,  et al.,**

      **Defendants.**

### MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Aaron Blake Wright is hereby required to show good cause, in writing to the undersigned, why this matter should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

## I.  Nature of the Matter before the Court

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983.  Plaintiff is in custody at the Douglas County Correctional Facility in Lawrence, Kansas ("DCCF").  The Court issued a Notice of Deficiency (Doc. 3) ("NOD") granting Plaintiff until January 5, 2026, to submit the financial information required to support his motion for leave to proceed in forma pauperis.  *See* 28 U.S.C. § 1915(a)(2).  Plaintiff has failed to supply the financial information by the deadline. The Court provisionally grants Plaintiff leave to proceed in forma pauperis.  The Court orders Plaintiff to submit  a certified copy of his trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the Complaint.  Plaintiff is granted until January 23, 2026, to submit the required financial information.  Failure to comply by the deadline may result in dismissal of this action without further notice.

Plaintiff alleges that on August 29, 2025, he was arrested for murder and placed in administrative segregation at the DCCF. (Doc. 1, at 2.) Plaintiff alleges that he discovered that he was not properly "placed in the facility system," claiming that his mug shot shows him with two eyes even though he lost an eye in June 2025. *Id*. Plaintiff alleges that this "fraudulent information" constitutes an attempt to defraud through an abuse of process. *Id*.

As Count I, Plaintiff alleges abuse of process based on a violation of Plaintiff's Fifth Amendment rights "when person info data affects Plaintiff['s] liberty rights." *Id*. at 3. In support, Plaintiff alleges that his mug shot shows him with two good eyes and different clothing. *Id*.

As Count II, Plaintiff alleges abuse of process based on a violation of the Fifth Amendment right against self-incrimination. *Id*. In support, Plaintiff alleges that disciplinary tickets dated November 21 and 24, 2025, subject him to cruel and unusual punishment. *Id*.

As Count III, Plaintiff alleges abuse of process based on a violation of his First Amendment right to access the courts. *Id*. at 4. In support, Plaintiff alleges that Disciplinary Ticket #25-289347 relates to the processing of his legal mail to the courts. *Id*.

Plaintiff names as defendants: Jay Arbruster (aka Jay Armbrister), Douglas County Sheriff; and (fnu) Hardy, Lieutenant at the Douglas County Sheriff's Office. For relief, Plaintiff seeks compensatory and punitive damages.

In an attachment to his Complaint, Plaintiff alleges that the numbers were switched on his two disciplinary tickets and that an officer misplaced his legal mail that contained a K.S.A. 60-1501 habeas corpus challenge and that Plaintiff does not know the location of his legal pleading. (Doc. 1–1, at 2.) The disciplinary ticket appears to be for the obstruction, interfering with, or preventing staff from performing duties based on his alleged refusal to take medication until he received a copy of the request form regarding his mail. *Id*. at 5. Plaintiff also attaches a document

showing a decision by the Administrative Segregation Review Board to have Plaintiff remain in Ad-seg based on safety concerns. *Id*. at 7.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. Abuse of Process

Plaintiff's allegations are unclear, but he takes issue with the DCCF using an old photo of him in their system. Plaintiff suggests that this constitutes an abuse of process and somehow affects his liberty rights. Plaintiff has failed to show that the DCCF's use of an outdated photo violates his constitutional rights, and the claim appears to be frivolous.

Plaintiff also alleges an abuse of process based on a violation of his Fifth Amendment right against self-incrimination. In support, Plaintiff alleges that disciplinary tickets dated November 21 and 24, 2025, subject him to cruel and unusual punishment. In his attachments, Plaintiff claims that the Board determined that Plaintiff should stay in administrative segregation based on safety concerns, he served three months in administrative segregation, and he was forced to be a witness against himself "in a disciplinary violation where there are two separate ticket numbers for the same act." (Doc. 1–1, at 9.)

Plaintiff attaches a disciplinary ticket (#25-289347) for the obstruction, interfering with, or preventing staff from performing duties based on Plaintiff's alleged refusal to take medication until he received a copy of the request form regarding his mail. *Id*. at 5. The document states that Plaintiff appeared to flush his medication down the toilet. *Id*. Plaintiff's other attachments do not appear to be disciplinary tickets. One document concerns his rights at his disciplinary hearing, one document shows the Disciplinary Hearing Board's decision on the disciplinary ticket, and one document is a decision by the Administrative Segregation Review Board to have Plaintiff remain in Ad-seg based on safety concerns. *Id*. at 4, 6, 7.

Plaintiff has failed to explain how his Fifth Amendment rights were violated during his disciplinary hearings or how he was forced to incriminate himself. He has also failed to show that

he received two disciplinary tickets for the same act or that two disciplinary tickets were "switched." Plaintiff should show good cause why his abuse of process, Fifth Amendment, and cruel and unusual punishments claims should not be dismissed for failure to state a claim.

Plaintiff has also failed to allege how the Defendants personally participated in the deprivation of his constitutional rights. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("But § 1983 imposes liability for a defendant's own actions— personal participation in the specific constitutional violation complained of is essential.") (citing *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (citation omitted)); *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's *direct personal responsibility* for the claimed deprivation . . . must be established.") (emphasis added) (citation omitted)). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability). An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v.*

*Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995).  A plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011).  "[T]he factors necessary to establish a [supervisor's] § 1983 violation depend upon the constitutional provision at issue, including the state of mind required to establish a violation of that provision." *Id*. at 1204 (citing *Iqbal*, 129 S. Ct. at 1949).

### 2. Court Access

 Plaintiff has failed to show that he was denied court access.  He claims that he attempted to mail a K.S.A. 60-1501 action but he does not know where his pleading is located.  It is well-established that a prison inmate has a constitutional right of access to the courts.  However, it is equally well-settled that in order "[t]o present a viable claim for denial of access to courts, . . . an inmate must allege and prove prejudice arising from the defendants' actions." *Peterson v. Shanks,* 149 F.3d 1140, 1145 (10th Cir. 1998) (citations omitted); *Lewis v. Casey*, 518 U.S. 343, 349 (1996) ("The requirement that an inmate . . . show actual injury derives ultimately from the doctrine of standing.").

An inmate may satisfy the actual-injury requirement by demonstrating that the alleged acts or shortcomings of defendants "hindered his efforts to pursue" a non-frivolous legal claim.  *Lewis*, 518 U.S. at 351-53; *see also Burnett v. Jones*, 437 F. App'x 736, 744 (10th Cir. 2011) ("To state a claim for violation of the constitutional right to access the courts, a prisoner 'must demonstrate actual injury . . .—that is, that the prisoner was frustrated or impeded in his efforts to pursue a

nonfrivolous legal claim concerning his conviction or his conditions of confinement.'") (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010)).

The Supreme Court plainly held in *Lewis* that "the injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 at 354. Rather, the injury occurs only when prisoners are prevented from attacking "their sentences, directly or collaterally" or challenging "the conditions of their confinement." *Id.* at 355. "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* (emphasis in original); *see also Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995) ("[A]n inmate's right of access does not require the state to supply legal assistance beyond the preparation of initial pleadings in a civil rights action regarding current confinement or a petition for a writ of habeas corpus.") (citations omitted).

Plaintiff has not shown that he was prevented from pursuing a nonfrivolous claim. "K.S.A. 60-1501 provides a vehicle for people detained in Kansas to challenge the conditions of their detention through a writ of habeas corpus when those conditions are particularly appalling." *Peterson v. Schnurr*, 2025 WL 3251107, at *2 (Kan. Ct. App. Nov. 21, 2025). To avoid dismissal, the allegations "must be of shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Id.* (quoting *Johnson v. State*, 280 Kan. 642, 648, 215 P.3d 575 (2009)). A petition will also be dismissed unless the petitioner alleges "that they have exhausted the full administrative process and attach proof of that exhaustion to the petition." *Id.* Plaintiff claims in his motion to supplement (discussed below) that he has not been able to exhaust his 60-1501 action. *See* Doc. 4.

Plaintiff has not alleged that he was prevented from filing a nonfrivolous claim regarding his conditions of confinement. The Court has found that Plaintiff's claims based on his outdated

photo appear frivolous.  Plaintiff has not mentioned any other conditions of confinement that are particularly appalling or that constitute shocking and intolerable conduct or continuing mistreatment of a constitutional stature.  Plaintiff alleges that he was in Ad-seg for three months, but does not argue that he is still in Ad-seg or that the conditions are otherwise particularly appalling.  Plaintiff should show good cause why his court access claim should not be dismissed for failure to allege that Defendants hindered his efforts to pursue a non-frivolous legal claim.

### 3.  Relief

Plaintiff seeks compensatory and punitive damages.  Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)."  42 U.S.C. § 1997e(e).

"The plain language of the statute does not permit alteration of its clear damages restrictions on the basis of the underlying rights being asserted."  *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001).  "The statute limits the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional."  *Id*. (citing *Robinson v. Page,* 170 F.3d 747, 748 (7th Cir.1999)).

Plaintiffs also seeks punitive damages, which "are available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'"  *Searles*, 251 F.3d at 879 (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)).  Plaintiff presents no plausible basis for a claim of punitive damages because

he alleges no facts whatsoever establishing that any defendant acted with a sufficiently culpable state of mind. Plaintiff's request for punitive damages is subject to dismissal.

## IV.  Motion to Amend and Supplement Pleading

Plaintiff has filed a motion seeking to amend or supplement his pleading pursuant to Fed. R. Civ. P. 15. Plaintiff's motion is based on his allegation that the DCCF Inmate Communication System does not have "an Application that complys [sic] with the statues [sic] K.S.A. Kansas Statues [sic] Annotated 60-1501, Habeas Corpus, exhaustion of administrative remedies." (Doc. 4, at 1.) Plaintiff then references his attached grievance on the issue. *See* Doc. 4–1. Plaintiff's grievance on the issue is dated November 30, 2025, and does not include a response by the facility. *Id*. Plaintiff filed this action on December 4, 2025. Based on the timing it does not appear that Plaintiff exhausted his administrative remedies regarding the issue prior to filing this action. Although the Court will grant his motion to supplement and will consider Doc. 4 as a supplement to his Complaint, any claim Plaintiff is attempting to make in the supplement is subject to dismissal.

Plaintiff does not explain what "application" is missing from the system or explain why he cannot request paper versions of the forms he needs to properly exhaust his administrative remedies. As noted above, exhaustion is required to prevent dismissal of a K.S.A. 60-1501 action. K.S.A. 75-52,138 provides:

> Any inmate in the custody of the secretary of corrections or in a county jail, prior to filing any civil action naming the state of Kansas, any political subdivision of the state of Kansas, any public official, the secretary of corrections, the warden, the sheriff, or an employee of the department of corrections or the county, while such employee is engaged in the performance of such employee's duty, as the defendant pursuant to the rules of civil procedure, shall have exhausted such inmate's administrative remedies, established by rules and regulations promulgated by the secretary of corrections or by county resolutions, concerning such civil action. Upon filing a

> petition in a civil action, such inmate shall file with such petition
> proof that the administrative remedies have been exhausted.

K.S.A. 75-52,138.  Plaintiff does not allege that he was prevented from exhausting or that he requested a paper form for complying with the DCCF's administrative remedies.  Plaintiff should show good cause why any claim based on the lack of an "application" on the Inmate Communication System should not be dismissed for failure to state a claim.

Plaintiff acknowledges that a grievance procedure is in place and that he used it.  He attaches his grievances to his Complaint and motion to supplement.  The Tenth Circuit has held several times that there is no constitutional right to an administrative grievance system.  *Gray v. GEO Group, Inc.*, No. 17–6135, 2018 WL 1181098, at *6 (10th Cir. March 6, 2018) (citations omitted); *Von Hallcy v. Clements*, 519 F. App'x 521, 523–24 (10th Cir. 2013); *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011); *see also Watson v. Evans*, Case No. 13–cv–3035–EFM, 2014 WL 7246800, at *7 (D. Kan. Dec. 17, 2014) (failure to answer grievances does not violate constitutional rights or prove injury necessary to claim denial of access to courts); *Strope v. Pettis*, No. 03–3383–JAR, 2004 WL 2713084, at *7 (D. Kan. Nov. 23, 2004) (alleged failure to investigate grievances does not amount to a constitutional violation); *Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003) (finding that "[t]he right to petition the government for redress of grievances . . . does not guarantee a favorable response, or indeed any response, from state officials").

## V.  Response Required

Plaintiff is required to show good cause why his claims should not be dismissed for the reasons stated herein.  The failure to respond by the deadline may result in dismissal of this matter without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED** that the Court provisionally grants Plaintiff leave to proceed in forma pauperis.  The Court orders Plaintiff to submit  a certified copy of his trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the Complaint by **January 23, 2026**.  Failure to comply by the deadline may result in dismissal of this action without further notice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend or Supplement Pleading (Doc. 4) is **granted** to the extent that the Court will consider Doc. 4 as a supplement to Plaintiff's Complaint.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **February 6, 2026,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated January 7, 2026, in Kansas City, Kansas.**

<u>**S/  John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**