IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AARON BLAKE WRIGHT,

      **Plaintiff,**

      v.                                    CASE NO. 25-3261-JWL

JAY ARBRUSTER, AKA
JAY ARMBRISTER,  et al.,

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983.  Plaintiff is in custody at the Douglas County Correctional Facility in Lawrence, Kansas ("DCCF").  The Court granted Plaintiff leave to proceed in forma pauperis.  On January 7, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC") granting Plaintiff until February 6, 2026, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.  Plaintiff has failed to respond by the Court's deadline.

Plaintiff alleges that on August 29, 2025, he was arrested for murder and placed in administrative segregation at the DCCF. (Doc. 1, at 2.)  Plaintiff alleges that he discovered that he was not properly "placed in the facility system," claiming that his mug shot shows him with two eyes even though he lost an eye in June 2025.  *Id*.  Plaintiff alleges that this "fraudulent information" constitutes an attempt to defraud through an abuse of process.  *Id*.

As Count I, Plaintiff alleges abuse of process based on a violation of Plaintiff's Fifth Amendment rights "when person info data affects Plaintiff['s] liberty rights." *Id*. at 3.  In support, Plaintiff alleges that his mug shot shows him with two good eyes and different clothing.  *Id*.  As Count II, Plaintiff alleges abuse of process based on a violation of the Fifth Amendment right

against self-incrimination. *Id*. In support, Plaintiff alleges that disciplinary tickets dated November 21 and 24, 2025, subject him to cruel and unusual punishment. *Id*. As Count III, Plaintiff alleges abuse of process based on a violation of his First Amendment right to access the courts. *Id*. at 4. In support, Plaintiff alleges that Disciplinary Ticket #25-289347 relates to the processing of his legal mail to the courts. *Id*.

In an attachment to his Complaint, Plaintiff alleges that the numbers were switched on his two disciplinary tickets and that an officer misplaced his legal mail that contained a K.S.A. 60-1501 habeas corpus challenge and that Plaintiff does not know the location of his legal pleading. (Doc. 1–1, at 2.) The disciplinary ticket appears to be for the obstruction, interfering with, or preventing staff from performing duties based on his alleged refusal to take medication until he received a copy of the request form regarding his mail. *Id*. at 5. Plaintiff also attaches a document showing a decision by the Administrative Segregation Review Board to have Plaintiff remain in Ad-seg based on safety concerns. *Id*. at 7.

The Court found in the MOSC that Plaintiff's allegations are unclear, but he takes issue with the DCCF using an old photo of him in their system. Plaintiff suggests that this constitutes an abuse of process and somehow affects his liberty rights. The Court found that Plaintiff failed to show that the DCCF's use of an outdated photo violates his constitutional rights, and the claim appears to be frivolous.

The Court also found in the MOSC that Plaintiff failed to explain how his Fifth Amendment rights were violated during his disciplinary hearings or how he was forced to incriminate himself. He also failed to show that he received two disciplinary tickets for the same act or that two disciplinary tickets were "switched." The Court ordered Plaintiff to show good cause why his abuse of process, Fifth Amendment, and cruel and unusual punishments claims should not be

dismissed for failure to state a claim.

The Court also found that Plaintiff failed to show that he was prevented from pursuing a nonfrivolous claim for purposes of his court access claim.  The Court also ordered him to show good cause why any claim based on the lack of an "application" on the Inmate Communication System should not be dismissed for failure to state a claim.

The Court ordered Plaintiff to show good cause why his claims should not be dismissed for the reasons stated in the MOSC.  The MOSC states that "[t]he failure to respond by the deadline may result in dismissal of this matter without further notice for failure to state a claim."  (Doc. 5, at 11.)  Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why his Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated February 13, 2026, in Kansas City, Kansas.**

>**S/ John W. Lungstrum**
>**JOHN W. LUNGSTRUM**
>**UNITED STATES DISTRICT JUDGE**